54 F.3d 773
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 ANNA M. MORTON, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-2239.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 14, 1994.
Decided: May 18, 1995.
 
 Norris C. Ramsey, Norris C. Ramsey, P.A., Baltimore, MD, for Appellant. Lynne A. Battaglia, United States Attorney, Donna C. Sanger, Assistant United States Attorney, Baltimore, MD, for Appellee.
 Before MURNAGHAN, Circuit Judge, PHILLIPS, Senior Circuit Judge, and HILTON, United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Anna M. Morton, a benefit payment roll clerk for the Social Security Administration, appeals the district court's dismissal of her action against the Secretary of Health and Human Services under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. Sec. 2000e-2 (West 1981 & Supp.1994), the Age Discrimination in Employment Act of 1967, 29 U.S.C.A. Sec. 623 (West 1985 & Supp.1994), and the Rehabilitation Act of 1973, 29 U.S.C. Sec. 791 (West Supp.1994). She alleged unlawful employment discrimination based on her race, age, sex, and handicap.[1] In addition, Morton alleged reprisal for filing prior Equal Employment Opportunity claims. For the reasons set forth below, we affirm the district court's dismissal of her claims.
 
 
 2
 Morton contends that the district court's adoption of the discussion in the prior adjudicative decision by the Equal Employment Opportunity Commission (EEOC) as its findings of facts and conclusions of law, did not comport with Fed.R.Civ.P. 52(a), and consequently did not provide this Court with a sufficient basis for determining whether the findings were clearly erroneous.[2] We find, from our review of all materials before this Court on appeal, that the findings were not clearly erroneous.[3] A finding of non-discrimination is subject to a clearly erroneous standard of review. Anderson v. Bessemer City, 470 U.S. 564, 574 (1985). We affirm the district court's determination that Morton failed to prove a prima facie case of race, age, or sex discrimination. We also agree with the district court's conclusion that while a member of statutorily protected classes, Morton failed to prove that any member of a non-protected class was treated more favorably than she for infractions similar to those she committed. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Moreover, she failed to rebut the legitimate, nondiscriminatory reasons Defendant proffered to support its decisions to discipline her. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253, 256 (1981); Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234-35 (4th Cir.1991).
 
 
 3
 With regard to Morton's claim for retaliation or reprisal, the district court held that the EEOC complaints Morton filed in 1978, 1979, 1984, and 1985 were too far removed in time to have any effect upon the disciplinary action at issue, and that Morton's suspension was not motivated by her prior EEOC complaint in 1987, but rather by her history of leave abuse, refusal to follow a direct instruction of her supervisor, and providing false and misleading information about her absence on August 27, 1987. Because Morton did not prove that her supervisors knew of any complaints other than the complaint in 1987, they are not pertinent to her case. We find that the district court properly held that Morton failed to establish a prima facie case of reprisal under Ross v. Communications Satellite Corp., 759 F.2d 355 (4th Cir.1985). Nor did Morton establish that "but for" her protected activities she would not have received the adverse disciplinary actions. See Huang v. Board of Governors of Univ. of N. Carolina, 902 F.2d 1134, 1140 (4th Cir.1990).
 
 
 4
 Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Morton did not appeal her claim of handicap discrimination, which the district court found to be frivolous
 
 
 [2]
 On the eve of trial, the parties stipulated that the district court should decide the issues on the basis of the factual record established in the administrative proceedings, including any assessment of credibility and weight that the district court chose to make
 
 
 [3]
 Contrary to Monroe's assertion on appeal that the district court failed to consider the proposed findings of fact and conclusions of law submitted by the parties, the district court made clear in its memorandum opinion that it had reviewed the proposed findings of fact and conclusions of law submitted by both parties